CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-07229 JAK (AGRx) | Date | December 4, 2018 |
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT; OR IN THE ALTERNATIVE, LEAVE TO AMEND PLAINTIFF'S COMPLAINT (DKT. 9)   JS-6: Remand**

**I.   Introduction**

On June 15, 2018, Tracy Aguirre ("Plaintiff") brought this action in the Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"), Tiffiney Lockett ("Lockett") (collectively, "Defendants"), and Does 1 through 20. The Complaint presents eight causes of action: (i) discrimination based on sex and disability; (ii) failure to accommodate disability; (iii) failure to interact in good faith manner to determine a reasonable accommodation; (iv) harassment – hostile work environment based on sex and disability; (v) failure to prevent discrimination, harassment and retaliation; (vi) retaliation; (vii) intentional infliction of emotional distress; and (viii) wrongful termination in violation of public policy. Lockett is only named as a defendant in the seventh cause of action for intentional infliction of emotional distress.[1] On August 16, 2018, Defendants removed the action on the basis of diversity jurisdiction. Notice of Removal ("Removal"), Dkt. 1.

On September 5, 2018, Plaintiff filed a motion to remand the action, or, in the alternative, for leave to amend the Complaint ("Motion" (Dkt. 9)). Defendants filed an opposition. Dkt. 12. Plaintiff filed a reply. Dkt. 16. A hearing on the Motion was held on December 3, 2018, and the matter was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED**.

**II.   Background**

    A.   General Allegations

In 2008, Plaintiff was hired by Wells Fargo as a bank teller. Compl. ¶ 15. In 2014, Plaintiff was

---

[1] Plaintiff states that she "inadvertently failed to name Defendant Lockett to cause of action number 4" for harassment. Motion, Dkt. 9 at 6. A proposed amended complaint is attached to the Motion. Ex. H to Motion, Dkt. 9-1 at 53-72. The proposed amended complaint alleges the fourth cause of action as to all defendants, including Lockett. *Id.* at 64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07229 JAK (AGRx) | Date | December 4, 2018 |
|---|---|---|---|
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | |

promoted to a position as a branch manager. *Id.* At all relevant times, Lockett was Plaintiff's supervisor. *Id.* ¶ 16.

The Complaint alleges that Plaintiff became pregnant and so notified Defendants in 2016. *Id.* ¶ 17. The Complaint alleges that Lockett then "inappropriately asked [Plaintiff] if she would be [Lockett]'s surrogate," that Plaintiff refused, and that "[t]his made [Plaintiff] feel uncomfortable and offended." *Id.* ¶ 18.

The Complaint alleges that, in April 2016, Plaintiff notified Defendants that she was experiencing complications with her pregnancy. *Id.* ¶ 19. It also alleges that Plaintiff's doctors "placed her on medical/maternity leave" from May 16, 2016 to October 30, 2016," and Defendants were given notice that Plaintiff "need[ed] to be off work." *Id.* ¶ 20. It is further alleged that Plaintiff was diagnosed with postpartum depression in September 2016. *Id.* ¶ 21. The Complaint alleges that Plaintiff informed Lockett of the diagnosis "and the associated symptoms from which she suffered." *Id.*

The Complaint alleges that Defendants "intimidated and pressured [Plaintiff] to return to work on an earlier date than mandated by her doctor." *Id.* ¶ 22. It is alleged that "[o]ut of fear of losing her job, [Plaintiff] returned to work on or about October 29, 2016." *Id.* ¶ 23. It is further alleged that Plaintiff again told Lockett about the symptoms she was experiencing from her postpartum depression. *Id.* ¶ 25.

The Complaint alleges that, in October 2016, Lockett "again approached [Plaintiff] and asked her to be her surrogate." *Id.* ¶ 26. It is alleged that this made Plaintiff feel "uncomfortable and offended." *Id.* It is further alleged that Plaintiff told Lockett "that the question was inappropriate," and that Lockett then became upset. *Id.* The Complaint alleges that, starting that month, Lockett "sabotage[d] [Plaintiff]'s employment" "based on her personal animosities towards Plaintiff because of her pregnancy." *Id.* ¶ 27.

The Complaint alleges that Lockett "ordered [Plaintiff] to personally and emotionally connect to [Plaintiff]'s work team." *Id.* It is alleged that, "[a]fter [Plaintiff] followed [Lockett]'s instructions, Defendants' employees began to spread rumors and false allegations concerning [Plaintiff]." *Id.* ¶ 28. It is alleged that "[t]hese rumors included but were not limited to [Plaintiff] allegedly having inappropriate sexual relations with male employees." *Id.* It is further alleged that, "[a]s a result, [Plaintiff] felt shocked, upset, and stressed." *Id.* The Complaint alleges that Plaintiff reported these rumors to Lockett, but no investigation or corrective action was taken. *Id.* ¶ 29. The Complaint alleges that, "[r]ather than investigate [Plaintiff]'s complaint, Wells Fargo conduct a pretextual investigation against [Plaintiff]." *Id.* ¶ 30.

The Complaint alleges that Wells Fargo suspended Plaintiff from employment in March 2017. *Id.* ¶ 31. It is alleged that Wells Fargo then terminated Plaintiff's employment in May 2017. *Id.* ¶ 32. It is alleged that, at each step, Lockett "assisted, approved and/or provided input" that contributed to Plaintiff's termination. *Id.* ¶¶ 30, 31, 32.

The Complaint alleges that, "[a]s a proximate cause of Defendants' conduct," Plaintiff suffered "emotional distress and depression, anxiety, headaches, irritability, humiliation, fear, and loss of self-esteem." *Id.* ¶ 37. The Complaint further alleges that she "experienced emotional trauma that has caused significant alteration in [her] lifestyle such that the quality of her life has become deteriorated." *Id.* ¶ 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07229 JAK (AGRx) | | Date | December 4, 2018 |
|---|---|---|---|---|
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | | |

The Complaint alleges that Defendants "violated the Fair Employment and Housing Act (hereinafter 'FEHA'), and Article I, § 8 of the California Constitution, by unlawfully discriminating against [Plaintiff] on the basis of her sex and disability, failing to accommodate her disability, failing to interact in a good faith manner to determine a reasonable accommodation, harassing her, failing to prevent discrimination and harassment against her, retaliation (FEHA), and wrongful termination in violation of public policy . . . [and] intentional infliction of emotional distress." *Id.* ¶ 3. On June 16, 2017, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"). *Id.* ¶ 14. She amended her complaint on February 9, 2018. *Id.* Plaintiff "received a Right-To-Sue Notice against all parties from DFEH." *Id.*

   B.  Seventh Cause of Action for Intentional Infliction of Emotional Distress

The seventh cause of action, which alleges intentional infliction of emotional distress, is brought against all defendants, including Lockett. It alleges that Lockett's "actions were extreme and outrageous insomuch as she abused her position of authority as a supervisor and/or managing employee; such conduct was so extreme it exceeds all possible bounds of decency expected in society." *Id.* ¶ 101. The Complaint alleges that "Lockett and/or Does 1 through 20's discrimination and harassment of [Plaintiff], including but not limited to: inappropriately asking [Plaintiff] to be a surrogate mother, making and spreading rumors about her at the workplace, reprimanding [Plaintiff] for following Lockett's instructions, using the changes to the Wells Fargo culture to sabotage Plaintiff's career, completing a pretextual investigation, suspending her, and terminating her employment was demeaning, extreme, [and] outside all bounds of decent human rights despite obvious protections found in [the FEHA]." *Id.*

The Complaint alleges that "Defendants intended or knew that such emotional distress was substantially certain to result," that Lockett's conduct "w[as] intended to cause and/or recklessly caused [Plaintiff] to suffer severe emotional distress," and that "[a]s an actual and proximate result of Defendants' action and/or inaction, [Plaintiff] suffered and continues to suffer from severe emotional distress." *Id.* ¶¶ 102-104. The Complaint further alleges that the emotional distress suffered by Plaintiff "includes: anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame." *Id.* ¶ 105.

**III.** **Analysis**

   A.  Legal Standards

     1.  Removal and Remand

A motion to remand is the procedural means to contest the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-07229 JAK (AGRx) | Date | December 4, 2018 |
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | |

claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

2. Diversity Jurisdiction and Fraudulent Joinder

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Fraudulent joinder "is a term of art." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotations and brackets removed). To show that a defendant has been fraudulently joined, it must be established that "the individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Thus, provided that there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," a joinder is not deemed fraudulent. *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Charlin v. Allstate Ins. Co.,* 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Id.* at 1118.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. *Id.* (internal quotations and brackets omitted). Thus, Defendants have the "burden of establishing that Plaintiff is incapable of amending his complaint to state a valid IIED [or other] claim." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016).

3. Intentional Infliction of Emotional Distress

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) (internal quotations removed). "Conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07229 JAK (AGRx) | Date | December 4, 2018 |
|---|---|---|---|
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | |

to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996); *see also Light*, 14 Cal. App. 5th at 102.

Ordinarily, an employee's "claims for intentional or negligent infliction of emotional distress are preempted by the exclusivity provisions of the workers' compensation law." *Livitsanos v. Superior Court,* 2 Cal. 4th 744, 747 (1992). However, "[e]ven where an injury is otherwise compensable under the workers' compensation system, a cause of action seeking damages based on the injury may nevertheless be allowable where the employer's conduct falls outside the compensation bargain." *Light*, 14 Cal. App. 5th at 96. Several California Courts of Appeal have found that "the workers' compensation exclusivity doctrine is inapplicable to claims under the FEHA." *E.g., M.F. v. Pac. Pearl Hotel Mgmt. LLC,* 16 Cal. App. 5th 693, 700 (2017), *review denied* (Feb. 14, 2018); *Light*, 14 Cal. App. 5th at 101. Thus, an employee "may pursue a claim for intentional infliction of emotional distress in the employment context where the conduct at issue violates FEHA and also satisfies the elements of the claim." *Light*, 14 Cal. App. 5th at 101. Although there is not unanimous agreement among the California Courts of Appeal on this issue, *see Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014), a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. *Macey*, 220 F. Supp. 2d at 1117.

B.    Application

It is undisputed that diversity of citizenship is the only basis for jurisdiction over this action. Thus, remand is required if there is no such jurisdiction.

1.    <u>Whether There Is Diversity of Citizenship on the Face of the Complaint</u>

Plaintiff is a citizen of California. Compl. ¶ 4. Wells Fargo is a citizen of South Dakota, where its main office is located. *Id*. ¶ 5. Wells Fargo is a national banking association. *Id*. "[A] national banking association is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Thus, Wells Fargo is a citizen only of South Dakota, not of California. *See id.* Lockett is a citizen of California. Compl. ¶ 6. It is not disputed that Plaintiff and Lockett are citizens of the same state.

A single non-diverse defendant destroys diversity jurisdiction. Plaintiff and Lockett are both citizens of California. Accordingly, there is not complete diversity of citizenship on the face of the Complaint.

2.    <u>Whether the Citizenship of Lockett Should Be Disregarded</u>

Defendants contend that Lockett is a "sham defendant" and that her citizenship should be disregarded in determining federal jurisdiction. Removal, Dkt. 1 at 4. In support of this position Defendants advance the following arguments: (i) the Workers' Compensation Act preempts Plaintiff's claim for intentional infliction of emotional distress; (ii) most of the alleged underlying conduct by Lockett constitutes personnel actions and cannot support a claim; and (iii) the rest of the alleged underlying conduct by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07229 JAK (AGRx) | | Date | December 4, 2018 |
|---|---|---|---|---|
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | | |

Lockett is not sufficiently outrageous or extreme to support a claim for intentional infliction of emotional distress. Defendants state that "Plaintiff has presented no evidence or argument that she has additional allegations or claims to assert against Ms. Lockett." Opposition to Motion, Dkt. 12 at 23. Defendants argue that any efforts by Plaintiff to amend the Complaint to bring the fourth cause of action for harassment against Lockett would fail for similar reasons.

Even assuming that the Complaint, as written, would not survive a motion to dismiss as to the claim(s) against Lockett, that is not enough to meet the standards for determining whether a party is a sham defendant. Instead, it is the burden of Defendants to "establish[] that Plaintiff is incapable of amending h[er] complaint to state a valid IIED claim." *Rangel,* 200 F. Supp. 3d at 1034; *see also Padilla,* 697 F. Supp. 2d at 1159; *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *8-*9 (C.D. Cal. July 15, 2015); *Burris v. AT&T Wireless, Inc.,* No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006). Defendants have not met that burden.

Defendants have not shown that Plaintiff would be precluded from amending her Complaint to allege additional facts as to Lockett that (a) amount to more than "common – though ultimately misguided – supervisory actions," *see Light*, 14 Cal. App. 5th at 102; (b) constitute extreme and outrageous conduct; and (c) violate the FEHA such that the claims would not be preempted by workers' compensation exclusivity, *see id.* at 101. The Complaint makes certain conclusory allegations to that effect, as well as certain more specific factual allegations. In light of these allegations and the underlying alleged conduct by Lockett, Defendants have not demonstrated that Plaintiff could not allege additional, specific details to state a claim against Lockett. There is a "non-fanciful possibility that plaintiff can state a claim" for intentional infliction of emotional distress against Lockett. *Mireles*, 845 F. Supp. 2d at 1062. This conclusion is supported, in part, because the alleged interactions with respect to surrogacy concern a subject that is private, sensitive and personal.

A similar analysis applies with respect to the potential claim for harassment against Lockett, which Plaintiff asserts she omitted inadvertently from the Complaint. *See* Motion, Dkt. 9 at 6. As noted, several California Courts of Appeal have found that "the workers' compensation exclusivity doctrine is inapplicable to claims under the FEHA." *E.g., M.F.,* 16 Cal. App. 5th at 700; *Light*, 14 Cal. App. 5th at 101. The Complaint presents certain factual allegations that could provide support for a FEHA harassment claim against Lockett. Defendants have not demonstrated that Plaintiff could not allege additional, specific allegations in support of such a claim as well. Although Plaintiff did not assert the FEHA harassment claim against Lockett, she states an intention to do so in an amended complaint. Applying the rules described above, this is a separate, sufficient basis to establish that there is a viable claim that Plaintiff can bring against Lockett.

Applying these standards, Defendants have not shown that Lockett is a sham Defendant. Therefore, citizenship of Lockett must be considered for the purposes of determining federal jurisdiction. As noted, both Lockett and Plaintiff are citizens of California. Therefore, there is no diversity jurisdiction, and remand is required.

### IV. Conclusion

For the reasons stated in this Order, the Motion is **GRANTED.** This action is remanded to the Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV18-07229 JAK (AGRx) | Date | December 4, 2018 |
|---|---|---|---|
| Title | Tracy Aguirre v. Wells Fargo Bank, N.A., et al. | | |

Angeles Superior Court at the Pomona Courthouse South at 400 Civic Center Plaza in Pomona, California (Case No. KC070376).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |